IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BERTINA MERCADO, JAMES BRUCE, JAMES PERFILIO , and ASHLEY AUGUSTIN<br><br>Plaintiffs,<br><br>v.<br><br>AMERISAVE MORTGAGE CORPORATION,<br><br>Defendant.<br>_____ | Civil Action No.<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COME NOW Plaintiffs BERTINA MERCADO, JAMES BRUCE, JAMES PERFILIO , and ASHLEY AUGUSTIN (collectively "Plaintiffs"), through undersigned counsel, and file this lawsuit against Defendant Amerisave Mortgage Corporation ("Amerisave" or "Defendant"), and show the following:

### I.     Nature of Complaint

1.

Plaintiffs bring this action to obtain full and complete relief and to redress the

1

unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages, along with attorneys' fees and costs incurred in this litigation, for Defendant's failure to pay federally mandated overtime wages to Plaintiffs during Plaintiffs' employment with Defendant, in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter the "FLSA")

## II.  Jurisdiction and Venue

3.

The Court has original jurisdiction of this action pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1331 because this action is brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.

4.

Defendant Amerisave Mortgage Corporation is a Georgia corporation, and a substantial part of the events or omissions giving rise to the claims occurred in this district. Accordingly, venue in this Court is proper pursuant to 29 U.S.C. § 1391.

## III. Parties

5.

Plaintiffs are adult individuals.

6.

Plaintiffs worked for Defendant as Senior Mortgage Processors ("SMPs") during the relevant statutory period.

7.

Plaintiffs were employed by Defendants as SMPs, and were paid on a minimum wage draw against their commissions, rather than on a salary basis for the work they performed.

8.

Plaintiffs were "employees" of Defendant, as that term has been defined by the FLSA, 29 U.S.C §203(e).

9.

On November 23, 2011, this Court granted conditional certification of an FLSA collective action class comprised of Amerisave Senior Mortgage Processors in *Zulauf, et al. v. Amerisave Mortgage Corporation, et al.*, 1:11-cv-01784-WSD (N.D. Ga.) (hereinafter "*Zulauf*"), at [Doc. 92.].

10.

The conditionally certified class in *Zulauf* included Plaintiffs.

11.

Plaintiffs filed their consent to join the *Zulauf* action to seek recovery of unpaid overtime wages under the FLSA from Defendant Amerisave, stemming from Plaintiffs' tenure in the SMP position.

12.

Plaintiffs filed their consent to join *Zulauf* within three years of the last week in which they worked over 40 hours for Defendant as SMPs without receiving overtime compensation.

13.

In filing their consent to join the *Zulauf* action, the statute of limitations for Plaintiffs to file claims for unpaid overtime under the FLSA was tolled as of the date each Plaintiff filed his consent to join in *Zulauf*.

14.

Plaintiffs now bring their individual claims in this action, to seek unpaid overtime for work they performed in excess of 40 hours in given workweeks during the three years preceding their respective filings of consent to join the *Zulauf* action (hereinafter sometimes referred to as the "relevant time period").

15.

Defendant Amerisave Mortgage Corporation is a domestic corporation with

its principal place of business in Atlanta, Georgia. At all times relevant herein, Defendant Amerisave Mortgage Corporation was Plaintiffs' employer within the meaning of the FLSA, 29 U.S.C. § 203(d).

16.

Defendant Amerisave Mortgage Corporation is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

17.

During the relevant time period, Plaintiffs worked an amount of time that was more than forty (40) hours in given workweeks and were not paid the overtime wage differential.

18.

Plaintiffs all worked under the same immediate supervisor, Robert Wilson.

19.

Wilson directed the work of Plaintiffs and had, at times during Plaintiffs' employment in the SMP position, knowledge that Plaintiffs worked in excess of 40 hours in given workweeks without receiving overtime compensation.

20.

Wilson was aware that the top producers on this team regularly worked in excess of 40 hours per workweek.

21.

During the relevant time period, Plaintiffs' primary duty was to provide customer service, act as a point of contact for customers, collect documents needed to process loans, and assist potential customers with general inquiries.

22.

During the relevant period, Plaintiffs worked from home, but did not visit their customers' places of business to collect orders or close loans.

23.

During the relevant period, Plaintiffs routinely worked in excess of forty (40) hours in given workweeks without receiving overtime compensation for all overtime hours worked while performing the duties of Senior Mortgage Processor for Defendant.

24.

Defendant was aware that the Plaintiffs were working overtime hours because, *inter alia*, Plaintiffs were required to log in to Defendant's computer system to perform a substantial portion of their work.

25.

Defendant was aware of the specific times Plaintiffs were working while on the Defendant's system. Defendant encouraged Plaintiffs to work in the system by

stating that the more time that the employee spent logged into the call center software, the more online loan applications the employees would be given.

26.

Defendant encouraged Plaintiffs to limit the number of hours that the Plaintiffs tracked in the time keeping system, and encouraged Plaintiffs to inaccurately track the actual time Plaintiffs worked.

27.

For example, when one employee (Ha Le Dao) was "locked out" of the system for working 40 hours in a workweek, National Sales Manager Robert Wilson instructed her to contact the IT department, which in turn instructed her to change her time records to display an incorrect number of hours worked. This permitted her to work in the system again. When Ms. Le Dao asked Wilson if these instructions to falsify her records were correct, he confirmed the instructions.

28.

Defendant did not track the time SMPs, including Plaintiffs, spent on their mobile telephones, Smart phones or other handheld devices answering and making calls and reviewing and sending electronic mail.

29.

Defendant was aware that SMPs, including Plaintiffs, used their mobile

telephones and handheld devices to receive and make calls and review and send electronic mail.

30.

Defendant was aware that a substantial amount of work hours were required to be performed by SMPs, outside of Defendant's tracked hours in the computer system, to complete work involved in processing loan applications.

31.

Defendant paid Plaintiffs on a commission basis.

32.

As commissioned employees, Plaintiffs received a determinable amount of money for each loan that the employee closed for Amerisave.

33.

Although Plaintiffs regularly worked more than forty (40) hours per week completing their work and other job duties, Plaintiffs did not receive overtime pay from Defendant on their commissions.

34.

During the relevant time period, Defendant failed to keep accurate time records for all hours worked by Plaintiffs.

35.

Defendant was aware, however, that Plaintiffs were working more than forty hours per week because of, *inter alia*, its ability to track the hours that the employees were logged into its system and generate reports regarding these hours.

36.

Defendant's conduct was willful and in bad faith.

37.

Defendant's practices described herein violate the provisions of FLSA, 29 U.S.C. § 201, et seq. including but not limited to 29 U.S.C. § 207. As a result of these unlawful practices, Plaintiffs have suffered a loss of wages.

**Count I.**

**Violation of the Overtime Wage Requirements of the Fair Labor Standards Act**

38.

Plaintiffs repeat and re-allege each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

39.

Defendant has violated the FLSA, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiffs worked in excess of forty (40) hours in given

workweeks.

40.

The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one-half times their regular rate of pay for all hours worked over forty hours in given workweeks.

41.

Defendant suffered and permitted Plaintiffs to routinely work more than forty (40) hours per week without overtime compensation.

42.

Defendant's actions, policies, and/or practices as described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiffs at the required overtime rate.

43.

As the direct and proximate result of Defendant's unlawful conduct, Plaintiffs have suffered and will continue to suffer a loss of income. Plaintiffs are entitled to liquidated damages and attorneys' fees and costs incurred in connection with their FLSA claims.

44.

Defendant knew, or showed reckless disregard for the fact that Amerisave

failed to pay Plaintiffs overtime compensation in violation of the FLSA.

45.

By failing to accurately report, record and/or preserve records of hours worked by Plaintiffs, Defendant has failed to make, keep and preserve records with respect to each of their employees sufficient to determine their wages, hours and other conditions and practice of employment, in violation of the FLSA.

46.

The foregoing conduct, as alleged, constitutes a willful violation the FLSA within the meaning of 29 U.S.C. § 255(a) as Defendant knew, or showed reckless disregard for the fact that its compensation practices were in violation of the FLSA.

### **Prayer for Relief**

**WHEREFORE**, Plaintiffs respectfully request that this Court:

(A)     Grant Plaintiffs a trial by jury as to all triable issues of fact;

(B)     Enter judgment awarding Plaintiffs unpaid wages pursuant to the FLSA §7, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d), liquidated damages as provided by 29 U.S.C. §216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert witness fees, reasonable attorneys' fees as provided under 29 U.S.C. §216, and all other remedies allowed under the FLSA;

(C) Grant declaratory judgment declaring that Plaintiffs' rights have been violated and that Defendant misclassified Plaintiffs as exempt from the overtime requirements of the FLSA and that Defendant's violations of the FLSA were willful;

(D)     Grant leave to add state law claims if necessary; and

(E)     Award Plaintiffs such further and additional relief as may be just and appropriate.

Respectfully submitted,

This  6th day of March, 2013.

**BARRETT & FARAHANY, LLP**

/s/ Benjamin A. Stark
Benjamin A. Stark
Georgia Bar No. 601867
Amanda A. Farahany
Georgia Bar No. 646135
Benjamin F. Barrett
Georgia Bar No. 039586
V. Severin Roberts
Georgia Bar No. 940504
Attorneys for Plaintiffs

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile